MALECEK v. TINSLEY.

Opinion delivered January 21, 1905.

MINING CLAIM—NOTICE.—An attempt to locate a mining claim, without any reference in the notice to some natural or permanent monument that will identify the claim, is insufficient to convey any right.

Appeal from Marion Circuit Court.

ELBRIDGE G. MITCHELL, Judge.

*Pace & Pace* and *John B. Jones,* for appellant. ·

The claim of Lock had been abandoned. Rev. Stat. U. S. § 2297; 3 L. D. 526; 14 L. D. 49. Mineral lands can only be disposed of as the law directs. Rev. Stat. U. S. § 2258; 115 U. S. 392. A void patent may be attacked collaterally. 29 Pac. 9; 8 Fed. 865. In general, we apply to mines in public lands the rules applicable to real property. 42 Fed. 99; 18 How. 50; 144 U. S. 509. The location must be distinctly marked. · 160 U. S. 318; Rev. Stat. U. S. § 2324. One cannot enter upon the possession of another and locate a mining claim. 10 Sawyer, 246; 2 Pac. 919; 160 U. S. 303; 24 Pac. 550. ·

*J. W. Black* and *A. B. Tinsley, per se.*

The question of marking boundaries not being in issue below, it cannot be here. 46 Ark. 96; 49 Ark. 293; 50 Ark. 97; 52 Ark. 318; 51 Ark. 351, 441; 54 Ark. 442; 55 Ark. 163, 213; 56 Ark. 444, 499; 56 Ark. 263. The statute points out plainly what lands are subject to appropriation. Rev. Stat. U. S. § 2319. The land department has absolute control of such lands, touching all questions concerning their charter. 132 U. S. 366. A homestead having been accepted and located, until avoided, is an entry, and segregates the tract from the public domain, precluding the claim of any one else to the land. 3 L. D. 447, 216, 218, 596; 92 U. S. 744; 101 U. S. 260. The timber culture entry was not void, but voidable, and, while of record, worked as a segregation of the land. 12 L. D. 346; 132 U. S. 357; 29 · L. D. 279; 144 U. S. 279; 4 Wall. 210; 8 Otto, 118; 12 L. D. 488. Sunday contracts are void. Sand. & H. Dig. § 1887; 29 Ark. 386; 44 Ark. 74.

BATTLE, J. A. B. Tinsley and J. W. Black brought this action against Charles J. Malecek to recover possession of certain mineral lands. They allege that they are owners and entitled to possession under the mining laws of the United States, and that the defendant is in unlawful possession of their claim. They recovered judgment, and the defendant appealed.

They attempted to make a location by posting a notice on a house, in which they claimed to have located a mineral claim on the lands in controversy. No effort was made to distinctly

mark the location on the ground, so that its boundaries can be readily traced. The notice did not contain "such description of the claim or claims located by reference to some natural or permanent monument as will identify the claim."

In order to acquire a mining claim of any description, its "location must be distinctly marked on the ground, so that its boundaries can be readily traced." It is not shown that appellees did this, and they have no legal claim. *Worthen* v. *Sidway*, 72 Ark. 215, 79 S. W. Rep. 772. The appellant, at the time appellees attempted to locate a mineral claim, was in possession, and thereafter remained in possession, of the lands. He was holding and claiming possession under the mining laws of the United States. He made a location of a mineral claim on them, and caused the same to be marked on the ground by blazing trees along the lines and establishing monuments at the corners of the lands. He was developing his claim, and did as much as $500 worth of work. Saying nothing of the validity of his claim, appellees were not entitled to the possession, and cannot maintain their action.

Reversed and remanded for a new trial.